FILED 24 JAN '18 12:21 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:18-CR-36-BR |
| V. | INFORMATION |
| PAUL JUMROON<br>a/k/a VERAPHON PHATANAKITJUMROON,<br>Defendant. | 18 U.S.C. § 371<br>18 U.S.C. §§ 2, 1589(a), 1594(a)<br>26 U.S.C. §7206(1)<br><br>Forfeiture Allegations |

THE UNITED STATES ATTORNEY ALLEGES:

**COUNT 1**
(Visa Fraud Conspiracy)
(18 U.S.C. § 371)

**OBJECT OF THE CONSPIRACY**

1. Beginning in or about 2011, and continuing until on or about August 23, 2015, within the District of Oregon and elsewhere, defendant **PAUL JUMROON** and others, known and unknown, knowingly and intentionally conspired and agreed with each other and with others to utter, use, attempt to use, possess, obtain, accept and receive E-2 nonimmigrant visas for entry into, and as evidence of authorized stay and employment in, the United States, knowing such visas to have been procured by means of false claims and statements and otherwise procured by fraud and unlawfully obtained, contrary to Title 18, United States Code, Section 1546(a).

///

///

///

///

**MANNER AND MEANS OF THE CONSPIRACY**

2.  To carry out that conspiracy, defendant **PAUL JUMROON** and others, known and unknown, caused DS-160 applications to be filed, which contained false claims and statements, to obtain E-2 nonimmigrant visas for Thai citizens so that the Thai citizens could enter the United States.

**OVERT ACTS**

3.  In furtherance of the conspiracy and to effect the object thereof, defendant **PAUL JUMROON** and others, known and unknown, committed the following overt acts, among others, in the District of Oregon and elsewhere:

   (a)  On or about June 8, 2011, **PAUL JUMROON** and others caused a DS-160 application to be filed in support of an E-2 nonimmigrant visa for W.N. The application falsely represented, among other things, that W.N. had purchased 50% of Somjai LLC d/b/a Curry in a Hurry by investing $65,000;

   (b)  On or about April 24, 2012, **PAUL JUMROON** and others caused a DS-160 application to be filed in support of an E-2 nonimmigrant visa for P.T. The application falsely represented, among other things, that W.N. was the owner and manager of Somjai LLC, and that Somjai LLC would pay for costs of P.T.'s trip to the United States.

   (c)  On or about February 5, 2013, **PAUL JUMROON** and others caused a DS-160 application to be filed in support of an E-2 nonimmigrant visa for A.U. The application falsely represented, among other things, that W.N. was the owner and manager of Somjai LLC, and that Somjai LLC would pay for costs of A.U.'s trip to the United States.

///

(d)     On or about November 19, 2013, **PAUL JUMROON** and others caused a DS-160 application to be filed in support of an E-2 nonimmigrant visa for K.N.  The application falsely represented, among other things, that K.N. had purchased 50% of Vilaivan LLC d/b/a Teriyaki Thai restaurant by investing $60,000;

(e)     On or about November 21, 2013, **PAUL JUMROON** and others caused a DS-160 application to be filed in support of an E-2 nonimmigrant visa for M.M.  The application falsely represented, among other things, that W.N. was the owner and manager of Somjai LLC, and that Somjai LLC would pay for costs of M.M.'s trip to the United States.

(f)     On or about August 19, 2014, **PAUL JUMROON** and others caused a DS-160 application to be filed in support of an E-2 nonimmigrant visa for K.N.  The application falsely represented, among other things, that K.N. had purchased 50% of Vilaivan LLC d/b/a Teriyaki Thai restaurant by investing $60,000;

(g)     On or about November 4, 2014, **PAUL JUMROON** and others caused a DS-160 application to be filed in support of an E-2 nonimmigrant visa for W.S.  The application falsely represented, among other things, that K.N. was the owner and manager of Vilaivan LLC, and that Vilaivan LLC would pay for costs of W.S.'s trip to the United States.

In violation of Title 18, United States Code, Section 371.

### COUNT 2
### (Forced Labor)
### (18 U.S.C. §§ 2, 1589(a), 1594(a))

Beginning on or around June 6, 2012, and continuing through on or about October 19, 2013, in the District of Oregon, defendant PAUL JUMROON did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of P.T. by means of serious harm and threats of serious harm to P.T., the abuse and threatened abuse of law and legal process, and by a

scheme, plan, and pattern intended to cause P.T. to believe that, if he did not perform such labor and services, he would suffer serious harm.

In violation of Title 18, United States Code, Sections 2, 1589(a), and 1594(a).

## COUNT 3
### (Making and Subscribing a False Federal Income Tax Return)
### (26 U.S.C. § 7206(1))

On or about March 11, 2014, in the District of Oregon, defendant **PAUL JUMROON** did willfully make and subscribe a U.S. Income Tax Return for an S Corporation, Form 1120S, for calendar year 2013, which was verified by a written declaration that it was made under the penalties of perjury, and which he did not believe to be true and correct as to every material matter. That U.S. Income Tax Return for an S Corporation, Form 1120S, for calendar year 2013, which was prepared and signed in the District of Oregon and was filed with the Internal Revenue Service, stated that gross receipts or sales, Line 1(a), was $547,655, and that total income, Line 6, was $263,263, whereas, as he then and there knew and believed, those items were false.

In violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATIONS

1. The allegations set forth in each paragraph of Count 1 and Count 2 are incorporated by reference as if fully set forth herein.

### FIRST FORFEITURE ALLEGATION

2. Upon conviction of the conspiracy to commit visa fraud as alleged in Count 1 of this Information, defendant **PAUL JUMROON** shall forfeit to the United States the following, pursuant to 18 U.S.C. § 982(a)(6):

(a) any property, real or personal, that is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense of which the defendant is convicted; and

(b) any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the defendant is convicted; including but not limited to the following:

1. Approximately $6,347.27 in United States currency seized on September 14, 2015 from 460 NW 174th Terrace; Beaverton, Oregon;

2. Approximately $66,200 in United States currency seized on September 14, 2015 from Safe Deposit Box #149 located at Chase Bank, 111 S. State Street; Lake Oswego, Oregon; and

3. Seven One-Ounce Gold Bars seized on September 14, 2015 from Safe Deposit Box #149 located at Chase Bank, 111 S. State Street; Lake Oswego, Oregon; and

An in personam money judgment for a sum of money equal to the amount of facilitating property and proceeds obtained directly or indirectly by the defendant as alleged in Count 1.

## SECOND FORFEITURE ALLEGATION

3.    Upon conviction of the forced labor offense alleged in Count 2 of this Information, defendant **PAUL JUMROON** shall forfeit to the United States the following, pursuant to 18 U.S.C. § 1594:

(a) any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and

(b) any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation; including but not limited to the following:

1. Approximately $6,347.27 in United States currency seized on September 14, 2015 from 460 NW 174th Terrace; Beaverton, Oregon;

2. Approximately $66,200 in United States currency seized on September 14, 2015 from Safe Deposit Box #149 located at Chase Bank, 111 S. State Street; Lake Oswego, Oregon; and

3. Seven One-Ounce Gold Bars seized on September 14, 2015 from Safe Deposit Box #149 located at Chase Bank, 111 S. State Street; Lake Oswego, Oregon; and

An in personam money judgment for a sum of money equal to the amount of facilitating property and proceeds obtained directly or indirectly by the defendant as alleged in Count 2.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**SUBSTITUTE ASSETS**

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described in these forfeiture allegations.

DATED this 24th day of January 2018.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

HANNAH HORSLEY
Assistant United States Attorney

SCOTT E. BRADFORD
Assistant United States Attorney

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

LINDSEY N. ROBERSON
Trial Attorney, Civil Rights Division